UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DESIREE BROWN,**

    **Plaintiff,**

v.

**FLORIDA SCHOOL FOR THE DEAF AND THE BLIND,**

    **Defendant.**

_____/

CASE NO.: 3:25-cv-1445-TJC-PDB

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DESIREE BROWN (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint against Defendant FLORIDA SCHOOL FOR THE DEAF AND THE BLIND (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1. This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §1981a ("1981"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress

damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff began working for Defendant in December 2021.

3. Defendant is an educational institution in St. Augustine, Florida, that is dedicated to students who are deaf, hard of hearing, visually impaired, and deafblind.

## JURISDICTION & VENUE

4. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII and Section 1981. An express grant of federal court jurisdiction over these federal claims are found in Title VII at 42 U.S.C.§2000e-5(f)(3).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims.

6. The acts and omissions giving rise to this action occurred in St. Augustine, Florida.

7. Plaintiff is employed with Defendant in St. Augustine, Florida.

8. This action at law raises a federal question under federal law.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

10. Venue is proper because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

11. Plaintiff is an African-American female.

12. During her employment with Defendant, Plaintiff has been subjected to discrimination and retaliation based on her race and gender.

13. Plaintiff is a member of a class of individuals protected by Title VII, Section 1981, and the FCRA.

14. Plaintiff is qualified for her position of employment as a food service worker.

15. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, and the FCRA.

16. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, and the FCRA.

17. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 26, 2024, and an Amended Charge on January 3, 2025.

18. The EEOC issued a Notice of Right to Sue on August 29, 2025.

19. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

20. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

21. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

**FACTUAL ALLEGATIONS**

22. Plaintiff began working for Defendant in December of 2021, and is still employed with Defendant.

23. Plaintiff works in the position of Food Service Worker.

24. Unfortunately, during Plaintiff's employment, she was subjected to discrimination based on her race and gender by her supervisor Ron Gilbertson.

25. The discriminatory treatment began almost immediately following Gilbertson's joining the Company around August of 2023.

26. Plaintiff complained to her supervisor, Angel Arazaga, regarding the discrimination she was experiencing in August of 2023.

27. Again, in May of 2024, Plaintiff complained to Mr. Arazaga regarding the continued discriminatory acts committed against her and her co-workers by Ron Gilbertson.

28. The complaints by Plaintiff to Mr. Arazaga included:

    a. that Gilbertson had been heard using the word "nigger" in reference to the black employees in the food service department;

4

b. that $150.00 was removed from her paycheck, but not from two white employees who were absent at the same time; and

c. that Gilbertson continued to play music with heavy use of the word "nigger," even after he was told that it was offensive.

29. Mr. Arazaga's response to Plaintiff's complaint was to scold her for "outing her superior like that" and indicated that he would never send an email like that about his superior.

30. Additionally, Mr. Arazaga indicated that he would not accept complaints about previous race discrimination issues stating, "if HR didn't do anything about it the first time, then they would not do anything about it the second time."

31. Mr. Arazaga expressed that his solution was to "give Ron time" to get his temperament and behavior resolved.

32. When there was no resolution, Plaintiff complained again by email, this time in August 2024 to HR director, Lexi Bucca, who never responded.

33. This email included complaints that Gilbertson would intrude her personal space and yell in her face to the extent spit from his mouth would land her face.

34. Mr. Arazaga witnessed an instance where Gilbertson's behavior towards the Plaintiff became physical while he was yelling in her face.

35. Mr. Arazaga failed to take any action to protect the Plaintiff, nor did he escalate the incident to HR or Sr. management.

36. Plaintiff then reported the behavior to her union representative, Evolle Pamphile.

37. Rather than investigate or otherwise handle Plaintiff's concerns, two days after reporting the conduct to Pamphile, Plaintiff received a written reprimand.

38. Thereafter, Gilbertson constantly made remarks to Plaintiff regarding his sexual relations with his wife, and made several comments including:

   a. "I can't wait to get reacquainted with my wife's innards."

   b. An occurrence where "a lot of bodily juices" being exchanged between himself and his wife on Thanksgiving. (Told to Shantel Smith and Robert Brown, but Plaintiff was told of this following the statement).

   c. Getting into a pool and his "balls shriveling up."

   d. Plaintiff texted her supervisor, Gilbertson in the morning before work to advise she would not be able to report to work. Following that text, Gilbertson told Plaintiff "you're ruining my routine with my wife," referring to their sexual routine.

e. Gilbertson would also call Plaintiff "pretty" and "attractive" on numerous occasions and get up close near her body and personal space, often times whispering inaudible things into her ear where she felt disgusted with the heat from his breath.

39. Across the board, Gilbertson made working very difficult for the all the black employees within the company, especially the Plaintiff.

40. More specifically, Gilbertson played music with substantial use of the word "nigger" when he was frustrated with the African-American staff.

41. In addition, Gilbertson expressed his intention to separate the black employees from the white employees.

42. Gilbertson then followed through with separating the employees by race in August of 2024, when he placed the white workers in the Memorial Kitchen, and the African-American workers in the MacWilliams kitchen.

43. An acquaintance of Plaintiff, Shelley Depriest, reported to her that Gilbertson said "black people are worthless niggers."

44. Additionally, Gilbertson said to Plaintiff "my dad was a cop in the 40's, and that's how I know how to handle black people."

45. Arazaga's own actions have also perpetuated the discriminatory environment at Defendant.

46. In August of 2024, Arazaga spoke with the employees of MacWilliams cafeteria about reports that had been made against Ron

7

Gilbertson's racial discrimination and stated that regardless of the complaints about "nigger things", Gilbertson was still their boss, so they should comply.

47. Between November and December of 2024, Arazaga encouraged other African-American employees not to make additional complaints about Gilbertson's racially discriminatory comments and actions.

48. Also, between November and December of 2024, Arazaga told Gilbertson to "lighten up the black kitchen" referring to placing a white employee in the all-black MacWilliams kitchen, because it doesn't look good with this current lawsuit.

49. In December of 2024, Arazaga attempted to bribe Plaintiff to move back to the Memorial Kitchen in exchange for more pay, even though Arazaga was aware and approved of Gilbertson's decision to segregate the kitchens.

50. Around February and April 2025, Arazaga asked a newly hired white female employee, who was brought in to "lighten up the black kitchen", how she liked working in "THIS kitchen with THESE people," clearly referring to working with the African-American employees. When the white newly hired employee asked Arizaga, "What people?", Arizaga responded "the blacks."

## COUNT I
## RACE DISCRIMINATION IN VIOLATION TITLE VII

51. Plaintiff realleges and adopts allegations contained in paragraphs 1-4 and 6-50, as though fully stated herein.

8

52. Plaintiff is a member of a protected class because she is an African-American.

53. At all material times, Plaintiff was qualified to perform her job duties.

54. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her race.

55. Defendant did not, and does not, subject the non-African-American employees to discriminatory treatment.

56. Plaintiff suffered an adverse employment action when she was forced to continually endure the racially hostile environment created by the Defendant.

57. The discrimination Plaintiff was subjected to was based on her race.

58. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. The conduct of Defendant was, and is, so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle

her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

61. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h.  any additional relief that this Court deems just.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

62. Plaintiff realleges and adopts allegations contained in paragraphs 1-4 and 6-50, as though fully stated herein.

63. Plaintiff is an African-American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

64. At all times material, Plaintiff was an employee of the Defendant.

65. At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was an employer within the meaning of Section 1981.

66. Defendant deprived Plaintiff of her civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

67. Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or

similar employment related contract(s), agreements or relationships with the Defendant.

68. Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

69. Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

70. Based on the foregoing allegations, Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating against Plaintiff in the making and enforcement of her employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Non-pecuniary damages afforded under Section 1981;

f. Costs and attorney's fees; and

g. Such other relief as the Court may deem just and proper.

## COUNT III
## RACE DISCRIMINATION IN VIOLATION OF FCRA

71. Plaintiffs realleges and adopts allegations contained within paragraphs 1-50 as though fully stated herein.

72. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

73. Defendant discriminated against Plaintiff based on her race.

74. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

75. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

76. At all material times, Plaintiff was qualified to perform her job duties.

77. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT IV
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

78. Plaintiff realleges and adopts allegations contained in paragraphs 1-4 and 6-50, as though fully stated herein.

79. Plaintiff is a member of a protected class because she is female.

80. At all material times, Plaintiff was qualified to perform her job duties.

81. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

82. Defendant did not, and does not, subject the male employees to discriminatory treatment.

83. Plaintiff suffered an adverse employment action when she forced to continually endure the sexually harassing environment created the Defendant.

84. The discrimination Plaintiff was subjected to was based on her gender.

85. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was, and is, so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

88. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT V
## **GENDER DISCRIMINATION IN VIOLATION OF FCRA**

89. Plaintiffs realleges and adopts allegations contained within paragraphs 1-50 as though fully stated herein.

90. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

91. Defendant discriminated against Plaintiff based on her gender.

92. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

93. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

94. At all material times, Plaintiff was qualified to perform her job duties.

95. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __25th__ day of November, 2025.

> Respectfully submitted,
> s/ __J.P. Numa_____
> J.P. Numa, Esquire – LEAD COUNSEL
> FBN: 1015371
> Email: jpnuma@theleachfirm.com
> Anthony J. Hall, Esquire
> FBN: 0040924
> Email: ahall@theleachfirm.com
> THE LEACH FIRM, P.A.
> 1560 N. Orange Ave., Suite 600
> Winter Park, FL 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 813-7513
> Attorneys for Plaintiff